UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RODRIGUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>T. FOSS,<br><br>    Defendant. | Case No. 19-cv-06757-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983 alleging that SVSP officials have violated his constitutional rights. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. For the reasons set forth below, the complaint is DISMISSED with leave to amend. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants Senior Psychologist Supervisor Gregg, Psychologist and Chief of Mental Health Yanez, Senior Psychologist Specialist Price, Chief Medical Executive Kumar, Chief Physician and Surgeon Bright, and Warden Foss. The complaint alleges that defendants have failed and refused to treat his gender dysphoria, despite plaintiff's repeated requests. The complaint also alleges that defendants have failed to maintain the confidentiality of plaintiff's confidential information which he disclosed pursuant to evaluations regarding his gender dysphoria, and allowed the confidential information to be used to disparage and ridicule him, and to have plaintiff physically harmed. Dkt. No. 1 at 2-5. The complaint alleges that these actions have violated plaintiff's rights under the Eighth Amendment, First Amendment, and Fourteenth Amendment. Dkt. No. 1 at 5.

The complaint will be dismissed with leave to amend because plaintiff has failed to link any of the defendants to the constitutional violation. It is unclear how defendants were involved in the alleged constitutional violations. Section 1983 liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). In filing an

2

amended complaint, plaintiff should name, for each instance of a constitutional violation, each person who violated his constitutional right(s), describe what each person did to violate his right(s), and state where and the violation occurred. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights.

To assist plaintiff in preparing his amended complaint, the Court reviews some relevant legal principles.

Gender dysphoria is a serious medical condition, and the failure to provide medically necessary treatment for gender dysphoria violates the Eighth Amendment. *Edmo v. Corizon*, 935 F.3d 757, 785 (9th Cir. 2019). It is unclear, however, how the failure to treat plaintiff's gender dysphoria and the disclosure of an inmate's confidential information state a claim under the First Amendment or the Fourteenth Amendment.

With respect to plaintiff's allegations against Warden Foss, Chief Medical Executive Kumar, and Chief Physician and Surgeon Bright, the Court reminds plaintiff that Section 1983 liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. There is no respondent superior liability, or supervisory liability, under Section 1983, i.e. no liability under the theory that one is liable simply because he supervises a person who has violated a plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). When a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). To state a claim for relief under Section 1983 against a supervisor defendant, plaintiff must allege some facts that would support a claim that (1) the supervisor defendant proximately caused the deprivation of rights of which plaintiff complains, *see Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); (2) the supervisor defendant failed to properly train or supervise personnel resulting in the alleged deprivation, *Ybarra v. Reno Thunderbird Mobile Home Village*,

3

1 723 F.2d 675, 680 (9th Cir. 1984); (3) the alleged deprivation resulted from custom or policy for 2 which the supervisor defendant was responsible, *see id.*; or (4) the supervisor defendant knew of 3 the alleged misconduct and failed to act to prevent future misconduct, *Taylor*, 880 F.2d at 1045. 4 Vague and conclusory allegations concerning the involvement of supervisory personnel in civil 5 rights violations are not sufficient to state a claim. *See Ivey v. Board of Regents*, 673 F.2d 266, 6 268 (9th Cir. 1982).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend to address the deficiencies identified above. Within **twenty-eight (28) days** of the date of this order, plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-06757 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, plaintiff must answer all the questions on the form in order for the action to proceed. If plaintiff chooses to file an amended complaint, Plaintiff should make it as concise as possible. The amended complaint must be complete in itself without reference to any prior pleading because an amended complaint completely replaces the previous complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to plaintiff. The Clerk shall include two copies of the court's complaint with a copy of this order to plaintiff.

**IT IS SO ORDERED.**

Dated: 11/27/2019

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

4